ENRIQUE R. ACUÑA, ESQ.　　　　　　ELECTRONICALLY FILED ON_____
Nevada Bar No.: 10495
LAW OFFICES OF ENRIQUE R. ACUNA, LTD.
516 South 8th Street
Las Vegas, Nevada 89101
(702) 989-0389; Fax (702) 989-0439
enrique@acunaesq.com
ATTORNEY FOR DEBTOR, ENRIQUE FRANCO

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | BK CASE NO.: 10-18496-lbr |
| ENRIQUE FRANCO | DATE: 8/4/2010<br>TIME: 10:30AM |
| DEBTOR. | CHAPTER 7 |

**ANSWER TO MOTION OF U.S. BANK, NATIONAL ASSOCIATION
FOR RELIEF FROM AUTOMATIC STAY**

The Debtor in this matter, by counsel, answer the Motion for Relief from Stay of U.S. BANK, NATIONAL ASSOCIATION, as follows:

**First Defense**

Paragraphs 1 and 2 are admitted.  It is also admitted that the liens averred are presently recorded.  All of the remaining factual allegations are denied.

**Second Defense**

This Court should refuse to entertain this motion and should award Debtor attorney fees because the instant motion was not filed in compliance with Bankruptcy Local Rule 4001(a)(2).

　　　　1.　　　On or about June 9, 2010, pursuant to Bankruptcy LR 4001(a)(3), the creditor attorney submitted a demand letter outlining the breakdown of the purported amount due under the mortgage that Debtor has with Creditor.

2.   On or about June 18, 2010, Debtor's attorney emailed Creditor's counsel and informed them of pending mortgage modification agreement between the Debtor and Creditor.  Thus, based on that information, Debtor's attorney questioned the need for instant motion to be filed.  Said email is attached hereto as Exhibit A.

3.   Creditor made no further communication with Debtor attorney before filing instant Motion on June 30, 2010.

4.   Thus, contrary to the demands of Bankruptcy Local Rule 4001(a)(2), Creditor made no good faith effort at resolving motion before filing this motion.

5.   Consequently, pursuant to remedy allowed under Bankruptcy Local Rule 4001(a)(2), this motion should be dismissed and Creditor should be order to pay Debtor attorney fees for failing to reasonably attempt settle this matter without the need to occupy the court's time and require the Creditor and Debtor to incur unnecessary legal fees in bringing and defending against this motion.

### Third Defense

This Court should refuse to entertain this motion and should impose sanctions on U.S. BANK, NATIONAL ASSOCIATION and its attorneys pursuant to Fed. R. Bankr. P. 9011.

1.   On or about November, 2009, Debtor and U.S. BANK, NATIONAL ASSOCIATION, entered into mortgage modification agreement under the federal Making Home Affordable modification program.

2.   Debtor has made all trial payments pursuant to trial modification.

3.   On or about June 3, 2010, Debtor submitted a signed Home Affordable Modification Agreement to U.S. BANK, NATIONAL ASSOCIATION.  Unsigned Debtor Copy is attached hereto as Exhibit B.

4.   Debtor has made all payments pursuant to permanent modification agreement.

5.   U.S. BANK, NATIONAL ASSOCIATION, motion for relief from the automatic stay alleges that the Debtor has failed to make his mortgage payments as agreed.

6.   As will be proven by the Debtor at the hearing on the motion for relief, the allegations contained in U.S. BANK, NATIONAL ASSOCIATION, motion were made without evidentiary support and without conducting an inquiry reasonable under the circumstances.

7. As a result of U.S. BANK, NATIONAL ASSOCIATION, baseless motion, the Debtor has had to incur costs and attorney fees, and has had to take time from work to meet with his attorney, in order to respond to the motion and prepare for the upcoming hearing on stay relief. The Debtor has also suffered emotional distress based on the threatened loss of his home.

8. WHEREFORE, based on this Court's authority under Fed. R. Bankr. P. 9011, section 105 of the Bankruptcy Code, and 28 U.S.C. § 1927, the Debtor requests this Court impose sanctions against U.S. BANK, NATIONAL ASSOCIATION, and its attorneys and award Debtor damages, costs, attorney fees, and such other relief as is just and proper.

**Fifth Defense**

Even if Movant is entitled to relief from the stay, the stay should not be terminated. The Court should grant less drastic relief by conditioning or modifying the stay.

**Fourth Defense**

Movant has not shown the irreparable harm necessary to justify lifting the stay with respect to its foreclosure.

WHEREFORE, Debtor prays that:

(1) The motion be dismissed.

(2) In the alternative, an Order requiring Creditor to continue mortgage modification under HAMP program before initiating foreclosure actions.

(3) For attorney's fees and costs incurred hearing.

(4) For such other relief as this Court deems appropriate.

DATED this 21st day of July, 2010.

The Law Office of Enrique R. Acuña, Ltd.

By: _____
ENRIQUE R. ACUÑA, ESQ.
Nevada Bar No.: 10495
516 South 8th Street
Las Vegas, Nevada 89101
(702) 989-0389
Fax (702) 989-0439
ATTORNEY FOR DEBTOR, ENRIQUE FRANCO

# EXHIBIT A



Enrique Acuna <enrique@acunaesq.com>

# 10-18496-LBR / Franco / 10-72341

**Enrique Acuna <enrique@acunaesq.com>**  Fri, Jun 18, 2010 at 5:47 PM
To: Tayler Brooks <tbrooks@wildelaw.com>

Hi Tayler,

I know that my client had been trying to modify his loan on this house through a third-party loan modification company.  I have previously provided that company with a release to allow them to modify on Mr. Franco's behalf.  My client tells me that he just signed all the paperwork to secure a permanent loan modification on the mortgage on the subject property.

If the above is true, do you even need to file a motion for relief from the stay?  Could you check that with your client?

Yours,

Enrique R. Acuña, Esq.
Law Offices of Enrique R. Acuña, Ltd.
516 S. 8th Street
Las Vegas, NV 89101
702-989-0389
702-989-0439 Fax
www.acunaesq.com

Privileged and Confidential
This email, including attachments, is intended for the person(s) or company named and may contain confidential and/or legally privileged information.  Unauthorized disclosure, copying or use of this information may be unlawful and is prohibited.  This email and any attachments are believed to be free of any virus or other defect that might affect any computer into which it is received and opened, and it is the responsibility of the recipient to ensure it is virus free, and no responsibility is accepted by The Law Offices of Enrique R. Acuña, Ltd., for any loss or damage arising in any way from its use.  If you have received this communication in error, please immediately notify the sender at 702-989-0389, or by electronic mail.


On Wed, Jun 9, 2010 at 3:52 PM, Tayler Brooks <tbrooks@wildelaw.com> wrote:
>
> Please find attached demand letter for your review.  Should you have any
> questions please respond by June 11, 2010, or the Motion for Relief will be
> filed.
>
>
>

> Thank you,
>
> Tayler Brooks
> Wilde & Associates, LLP.
> 212 South Jones Blvd.
> Las Vegas, NV 89107
> Ph 702-258-8200
> Fx 702-258-8787
> Tbrooks@wildelaw.com

**EXHIBIT B**



**HELPING YOU STAY IN YOUR HOME.**





You may be able to make your payments more affordable.
Act now to get the help you need!

MAY 24, 2010

ENRIQUE FRANCO SALCEDO
1300 S ARLINGTON ST 230
LAS VEGAS, NEVADA 89104

Loan #:  7884575565
Property Address:
1300 S ARLINGTON ST 230
LAS VEGAS, NEVADA 89104

Dear **ENRIQUE FRANCO SALCEDO**,

**Congratulations!**  You are eligible for a Home Affordable Modification.  As previously described, if you comply with the terms of the Home Affordable Modification Trial Period Plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid.

The enclosed Home Affordable Modification Agreement ("Modification Agreement") reflects the proposed terms of your modified mortgage.

**How to Accept This Offer:**

**STEP 1    COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

To accept this offer, you must sign and return both copies of the Modification Agreement to us in the enclosed, pre-paid envelope by **06/03/2010**. If the Modification Agreement has notary provisions at the end, you must sign both copies before a notary public and return the notarized copies to us.  We encourage you to make a copy of all documents for your records.  If you do not send both signed copies of the Modification Agreement by the above date, you must contact us if you still wish to be considered for this program and have your loan modified.

**STEP 2    CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

Be certain to make any remaining trial period payments on or before the dates they are due.  If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified.

To better understand the proposed terms of your modified mortgage, please read the attached summary of your modified mortgage and the Modification Agreement.

We look forward to hearing from you no later than **06/03/2010**.

Sincerely,

**U.S. BANK, NA**

---

The *Making Home Affordable* program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, Freddie Mac (the owner of your loan), your servicer, and the Federal Government are working to offer you options to help you stay in your home.

Attachments:  Summary of Your Modified Mortgage, Two copies of the Modification Agreement

FALPS# FR1118 Rev. 06-01-09

Freddie Mac Form 1118 3/09

**SUMMARY** — Here is a summary of your modified mortgage.

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement in Section 3.C.

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. Your Servicer will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that the Servicer must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $ **86.04** . This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately.

**ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $ **397.20** . You may pay this amount over a **5**-year (**60** months) period. This monthly payment has already been included in the monthly escrow payment stated above. **If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.**

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan after the trial period.

**FEES.** There are no fees or other charges for this modification.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at **800-365-7900** .

Tax Parcel No.:

When Recorded Mail To:
FIRST AMERICAN TITLE
P.O. BOX 27670
SANTA ANA, CA 92799-7670
ATTN: LMTS

_____  [Space Above This Line For Recording Data]  _____
Loan No.: 7884575565

# HOME AFFORDABLE MODIFICATION AGREEMENT
## (Step Two of Two-Step Documentation Process)

Borrower ("I"):[1]  ENRIQUE FRANCO SALCEDO

Lender or Servicer ("Lender"): U.S. BANK, NA

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):

Loan Number: 7884575565
Property Address: 1300 S ARLINGTON ST 230, LAS VEGAS, NEVADA 89104
Legal Description:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF;

("Property"):

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT                                                    Form 3157  3/09 (rev. 8/09)
FALPS# F3157  Rev. 09-09-09                                                       (page 1 of 8)

7884575565

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. I live in the Property as my principal residence, and the Property has not been condemned;

    C. There has been no change in the ownership of the Property since I signed the Loan Documents;

    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

    G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Document if I fail to meet any one of the requirements under this Agreement.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**              Form 3157  3/09 (rev. 8/09)
FALPS# F3157-2  Rev. 09-09-09                                                                              *(page 2 of 8)*

7884575565

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **JUNE 1, 2010** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on **JUNE 1, 2010.**

   A. The new Maturity Date will be: **SEPTEMBER 1, 2038.**

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $ **131,262.26** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. Interest at the rate of **3.250** % will begin to accrue on the New Principal Balance as of **MAY 1, 2010** and the first new monthly payment on the New Principal Balance will be due on **JUNE 1, 2010**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 3.250% | 05/01/2010 | $591.21 | $86.04 may adjust periodically | $677.25 may adjust periodically | 06/01/2010 | 60 |
| 6 | 4.250% | 05/01/2015 | $653.38 | May adjust periodically | May adjust periodically | 06/01/2015 | 12 |
| 7-28 | 5.000% | 05/01/2016 | $700.52 | May adjust periodically | May adjust periodically | 06/01/2016 | 268 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

7884575565

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

   A. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

   B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   C. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

   D. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   E. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT** Form 3157 3/09 (rev. 8/09)
FALPS# USBF3157-4 Rev. 12-01-09 *(page 4 of 8)*

7884575565

F. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

G. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

H. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

I. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

J. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

K. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**     Form 3157 3/09 (rev. 8/09)
FALPS# USBF3157-5 Rev. 12-01-09     (page 5 of 8)

7884575565

L.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the U.S. Department of the Treasury; (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

M.  I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N.  If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT** Form 3157 3/09 (rev. 8/09)
FALPS# USBF3157-6 Rev. 02-05-10 *(page 6 of 8)*

In Witness Whereof, the Lender and I have executed this Agreement.   7884575565

**U.S. BANK, NA**

By: _____ -Lender

_____
Date

**ENRIQUE FRANCO SALCEDO** _____ -Borrower

_____
Date

_____ -Borrower

_____
Date

_____ -Borrower

_____
Date

_____ -Borrower

_____
Date

          **7884575565**
_____[Space Below This Line for Acknowledgments]_____

STATE OF _____   COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ by
**ENRIQUE FRANCO SALCEDO**_____
_____
_____
_____.

Signature of Person Taking Acknowledgment _____

Printed Name _____

Title or Rank _____

Serial Number, if any _____

**LENDER ACKNOWLEDGMENT**

STATE OF _____   COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ by
**GREGG SPEER**_____, the**SENIOR VICE PRESIDENT**_____
of _____
_____,
a _____, on behalf of said entity.

Signature of Person Taking Acknowledgment _____

Printed Name _____

Title or Rank _____

Serial Number, if any _____


**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT**  Form 3157 3/09 (rev. 8/09)
FALPS# NVF3157-8 Rev. 09-09-09  *(page 8 of 8)*

EXHIBIT A

BORROWER(S):   ENRIQUE FRANCO SALCEDO

LOAN NUMBER:   7884575565

LEGAL DESCRIPTION:

METES AND BOUNDS LEGAL SENT FARETS

ALSO KNOWN AS:  1300 S ARLINGTON ST 230, LAS VEGAS, NEVADA 89104

FAND# EXHIBIT.A  Rev. 07-03-07